**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30033 |
| Plaintiff-Appellee, | D.C. No.<br>1:22-cr-00056-SWS-1 |
| v. | |
| JOSEPH ALAN HOADLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Scott W. Skavdahl, Chief District Judge, Presiding

Submitted February 7, 2024**
Portland, Oregon

Before:  McKEOWN, BYBEE, and BRESS, Circuit Judges.

Joseph Hoadley, a former police lieutenant, appeals his convictions, following

a jury trial, for (1) falsification of records to impede an investigation in violation of

18 U.S.C. § 1519 (Count 2); (2) tampering with a witness in violation of 18 U.S.C.

§ 1512(d)(2) (Count 3); and (3) evidence tampering in violation of 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1512(c)(1) (Count 4). Hoadley challenges the sufficiency of the evidence for each conviction. Although we review the sufficiency of evidence de novo, *United States v. Jaimez*, 45 F.4th 1118, 1122 (9th Cir. 2022), we "construe the evidence in the light most favorable to the prosecution" and "determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quotation marks and citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Under 18 U.S.C. § 1519, as charged in Count 2, the government had the burden to prove that "(1) [Hoadley] knowingly falsified a record or document; (2) [Hoadley] acted with the intent to impede, obstruct, or influence an actual or contemplated investigation; and (3) the investigation concerned a matter within the jurisdiction of the U.S. Department of Justice or the Federal Bureau of Investigation." *United States v. Gonzalez*, 906 F.3d 784, 793 (9th Cir. 2018). The third element is not disputed, and sufficient evidence supported the first two elements.

*First*, there was sufficient evidence for a rational jury to find that Hoadley knowingly made false statements in his police report about the incident with B.H. At the time of B.H.'s arrest, Hoadley admitted that he "knocked [B.H.] down," and both B.H. and Officer Ibarra testified that Hoadley struck B.H. in the head. A

2

rational jury could conclude that Hoadley made a false statement when he instead reported that he "force[d] [B.H.] to the ground by his shirt collar." A rational jury could reach this conclusion despite Hoadley's contrary testimony and explanation of his statements. *See Nevils*, 598 F.3d at 1164 ("[A] reviewing court 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any [evidentiary] conflicts in favor of the prosecution, and must defer to that resolution.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979))). Officer Ibarra's account was not "impossibl[e]," as Hoadley alleges, and regardless, a rational jury could still convict based on the other evidence.

*Second*, sufficient evidence established that Hoadley acted with the intent to impede or obstruct a contemplated investigation. This element is satisfied when an officer "concoct[s] a false cover story" in order to "appear as though the force [he] used was justified, thereby shielding [him] from the punishment that would likely follow if the truth were revealed." *Gonzalez*, 906 F.3d at 794. A rational jury could conclude that Hoadley's statement in the report was written to make his use of force appear justified so that he would be shielded from punishment.

Further, there is no inconsistency between Hoadley's conviction for falsifying records and his acquittal on the charge of excessive force (Count 1). A rational jury could find that Hoadley struck B.H. in the head without using excessive force but that Hoadley still made a false report about the incident. In any case, any perceived

inconsistency in the jury's verdicts on Counts 1 and 2, standing alone, is not grounds for vacating the conviction. *See United States v. Powell*, 469 U.S. 57, 69 (1984) ("[T]here is no reason to vacate respondent's conviction merely because the verdicts cannot rationally be reconciled.").

2.  Sufficient evidence supported Hoadley's conviction for witness tampering. 18 U.S.C. § 1512(d)(2). C.H., a subordinate officer, testified that Hoadley threatened him in the context of the FBI investigation. This conversation occurred the day after the FBI informed the Chief of Police that Hoadley was being referred for possible criminal prosecution. A rational jury could conclude, based on Hoadley's statements to C.H. and the context of the exchange, that Hoadley intentionally harassed C.H. in an attempt to dissuade him from cooperating with the FBI's investigation. Although Hoadley testified that his conversation with C.H. concerned an employment dispute, the jury was free to credit C.H. and to "disbelieve [Hoadley] and infer the opposite of his testimony to support its verdict." *United States v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004).

3.  Sufficient evidence supported Hoadley's conviction for evidence tampering. 18 U.S.C. § 1512(c)(1). Hoadley, a long-time veteran of the police force who had training on evidence preservation, wiped all data from his department-issued cellphone and laptop the day after he was arraigned in this case. A jury could rationally infer that Hoadley had a corrupt purpose in resetting his devices. Hoadley

4

cites no authority for his theory that the government was required to prove the destruction of relevant records. Regardless, there was sufficient evidence for a rational jury to conclude that Hoadley had destroyed relevant records given that he used the devices in question while the investigation into his conduct was taking place.

**AFFIRMED.**